## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| Terrence Lynn Howard | Case No. 23-13369 (AMC) |
| Debtor. | |
| Terrence Lynn Howard, | Adv. Proceeding No. 23-00077 (AMC) |
| Plaintiff | |
| v. | |
| Police & Fire Federal Credit Union, | |
| Defendant. | |

**RESPONSE OF POLICE AND FIRE FEDERAL CREDIT UNION TO COMPLAINT FOR TURNOVER OF PROPERTY AND COUNTERCLAIM FOR ADEQUATE PROTECTION**

Defendant Police and Fire Federal Credit Union, by and through his undersigned counsel, alleges the following:

### INTRODUCTION

1.      Defendant admits that it repossessed Plaintiff's 2021 Honda Accord, VIN 1HGCV1F17MA005749 (the "Vehicle") on October 27, 2023, prior to November 7, 2023 (the "Petition Date").  The remainder of the allegations in paragraph 1 refer to this action being brought pursuant to 11 U.S.C. § 542(a), a statute that speaks for itself.

### JURISDICTION AND VENUE

2.      Admitted.

3.      Admitted.

1

4.      Paragraph 4 sets forth a legal conclusion to which no answer is required and Defendant leaves Plaintiff to his proofs.

5.      Admitted.

6.      Defendant consents to the entry of a final order or judgment by the court.

**PARTIES**

7.      Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 7; therefore, they are Denied.

8.      Admitted.

**FACTS**

9.      Admitted that, on or about April 23, 2021, the Plaintiff entered into a retail installment contract (the "Contract") with Defendant for the purchase of the Vehicle.

10.      Denied that the retail installment contract is assigned to Defendant.  Admitted that Plaintiff is indebted to Defendant in accordance with the terms of the Contract.

11.      Denied.  Plaintiff defaulted on the Contract immediately upon using the Vehicle as a rideshare vehicle without notice to Defendant, upon the lapse of his motor vehicle insurance and failure to maintain insurance at the level required under Pennsylvania law for rideshare vehicles and, as to payment of amounts due under the Contract, when he made only a partial payment of the payment due for September 7, 2023 and no payments thereafter.

12.      Admitted.

13.      Denied as stated.

14.      Based on the information reflected on the docket in Plaintiff's Chapter 13 case, Defendant Admits the allegations of paragraph 14.

15.    Paragraph 15 states a legal conclusion to which no response is required.  To the extent that a response is required, Plaintiff's proposed plan is a writing that speaks for itself and any allegations by Plaintiff to the contrary are Denied.

16.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16; therefore, they are Denied.

17.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17; therefore, they are Denied.

## CLAIMS FOR RELIEF

### COUNT 1
### TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(a)

18.    Defendant hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

19.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19; therefore, they are Denied.

20.    The allegations in paragraph 20 are legal conclusions to which no response is required and Defendant leaves Plaintiff to his proofs.

21.    Paragraph 21 states a legal conclusion to which no response is required and Defendant leaves Plaintiff to his proofs.

### COUNTERCLAIM FOR ADEQUATE PROTECTION UNDER 11 U.S.C. § 361

Defendant Police and Fire Federal Credit Union hereby brings this counterclaim for adequate protection under 11 U.S.C. § 361 and alleges as follows:

22.    On April 23, 2021, Plaintiff entered into the Contract1 with Defendant pursuant to

_____

1 To the extent not defined in the Counterclaim, all capitalized terms shall have the meaning set forth in the Response of Police and Fire Federal Credit Union to Complaint for Turnover of Property.

which Defendant financed Plaintiff's purchase of the Vehicle.

23.     Pursuant to the Contract, Plaintiff is required to make bi-weekly payments to Defendant in the amount of $207.24 to repay Defendant under the terms of the Contract.

24.     The last payment received by Defendant from Plaintiff was a partial payment for the payment due September 7, 2023.

25.     Defendant failed to make the payments that were due September 21, 2023, October 5, 2023, October 19, 2023 and November 2, 2023, resulting in prepetition arrearage of $1,030.27, inclusive of late fees.  With prepetition repossession and storage fees, Plaintiff's prepetition arrearages total $1,987.27.

26.     At no time did Plaintiff inform Defendant that he was using the Vehicle as a rideshare vehicle and at no time did Plaintiff provide Defendant with proof of insurance as required by 53 Pa. C.S. § 57A07 (2022) for rideshare vehicles.

27.     Pursuant to 53 Pa. C.S. § 57A07(j), the rideshare driver is required to have proof of coverage for his or her vehicle both evidenced by a personal automobile insurance policy as well as the insurance coverage provided by the rideshare network company.

28.     Moreover, rideshare drivers are required to notify their automobile insurance carrier if a vehicle is being used for ridesharing and are also required to notify the lienholder on the vehicle that the vehicle is being used for ridesharing. 53 Pa. C.S. § 57A07(n), (p).

29.     Absent notice, an automobile insurance carrier may deny coverage for personal injury and property damage in the event that a rideshare driver is in an accident while engaged in ridesharing.  53 Pa. C.S. § 57A07(l). Moreover, absent notice and maintaining sufficient insurance coverage as required by the lender, the lienholder may repossess a vehicle that is used for ridesharing purposes. Id.

30.     In addition to not having informed Defendant that the Vehicle was being used as a rideshare vehicle, upon information and belief, Plaintiff failed to maintain adequate insurance coverage for the Vehicle, only obtaining the minimum coverage required under Pennsylvania law for non-rideshare vehicles after the Vehicle was repossessed and before the Petition Date.  Nothing on Plaintiff's current insurance certificate reflects the Vehicle being insured as a rideshare vehicle.

31.     The Vehicle was repossessed on October 27, 2022 and is being stored by Defendant.

32.     On the Petition Date, Plaintiff sought turnover of the Vehicle from Defendant and Defendant requested adequate protection in exchange therefor.

33.     That same day, Defendant reviewed the docket in Plaintiff's Chapter 13 case, but was unable to determine how its claim would be treated, whether Plaintiff was eligible for Chapter 13 relief or whether Plaintiff could fund a proposed plan because none of a proposed plan, income or expense statement, or bankruptcy schedules had yet been filed.

34.     Moreover, a creditor matrix had not been filed through which Defendant could determine whether Plaintiff had filed the case just to regain possession of the Vehicle or whether Plaintiff appeared to be making a good faith effort to proceed in Chapter 13.  Indeed, Defendant appeared to be the only creditor with notice of Plaintiff's Chapter 13 filing.

35.     Defendant had no proof that the Plaintiff was maintaining insurance coverage for the Vehicle as his prior policy had lapsed, and had no proof of Plaintiff's employment or income.

36.     Accordingly, Defendant informed Plaintiff that it would turnover the Vehicle upon receipt of adequate protection and requested proof of insurance and income.

37.     Upon receipt of Plaintiff's recent pay stubs, for the first time, Defendant learned that Plaintiff had been using the Vehicle as a rideshare vehicle.

38.    The insurance certificate received by Defendant from Plaintiff evidenced the minimum coverage required by Pennsylvania law and no information that the insurer had been notified that the Vehicle was used as a rideshare vehicle.

39.    Accordingly, Defendant requested that Plaintiff obtain a rider to the policy confirming the insurer's knowledge that the Vehicle was being used as a rideshare vehicle and also requested information about how its claim would be treated in the Chapter 13 case.

40.    Defendant was informed that a determination as to how its claim would be treated had not yet been made and that bankruptcy schedules would be filed by November 10, 2023.

41.    Having not heard back from Plaintiff regarding the insurance, treatment of Defendant's claim or otherwise, Defendant checked the docket in Plaintiff's Chapter 13 case on November 15, 2023 to see whether a plan and bankruptcy schedules had been filed and learned that Plaintiff had initiated this Adversary Proceeding against Defendant seeking turnover of the Vehicle.

42.    At the time that the Adversary Proceeding was filed, Plaintiff had still not filed a creditor matrix or any information regarding his creditors, income or expenses.

43.    Without Plaintiff providing proof of proper insurance to cover the Vehicle as a rideshare vehicle, Defendant's interests are not protected in the event that the Vehicle is damaged while being operated as a rideshare vehicle.

44.    Indeed, under Pennsylvania law, Plaintiff's insurance carrier can deny all coverage for the Vehicle if it has not been informed that the Vehicle is being used as a rideshare vehicle and if the insurance required by 53 Pa.C.S. § 57A07 is not maintained by Plaintiff and his rideshare employer(s) – a certificate of which he should have in his possession, but has not provided to Defendant.

45.    In addition to maintaining adequate insurance, Defendant does not accept ridesharing as a sole source of employment sufficient to assure a borrower's ability to pay obligations under an automobile finance agreement because such employment is at the discretion of the borrower.

46.    Indeed, despite working as a rideshare driver since at least July 2023, Plaintiff failed to make his last four full and one partial payment under the Contract and had his insurance lapse. Without regular employment and wages, Defendant is unable to determine if and whether Plaintiff will voluntarily work the amount of time necessary to earn enough to fund his proposed plan and ongoing obligations in Chapter 13.

47.    While Defendant was reviewing this Response and Counterclaim for filing, Defendant received a copy of Plaintiff's complaint, proposed Chapter 13 plan, income statement and bankruptcy schedules, which it is in the process of reviewing.

48.    By way of this counterclaim, Defendant demands the relief set forth below to protect its interests in exchange for turnover of the Vehicle to Plaintiff.

### REQUEST FOR RELIEF

**NOW, THEREFORE**, the Defendant requests dismissal of the Adversary Complaint against the Defendant and Adequate Protection in exchange for Defendant turning the Vehicle over to Plaintiff as follows:

A.    requiring Plaintiff to provide proof of insurance coverage naming Defendant as the lienholder and confirming coverage for the Vehicle as a ride share Vehicle as required by 53 Pa.C.S. § 57A07 (2022).

B.    allowance of prepetition repossession and storage fees and costs totaling $912.00 to be paid as part of PFFCU's secured claim through Plaintiff's Chapter 13 plan;

C.    requiring adequate protection payments in the amount of $323.93 (equal to 1/60th of the $19,435.70 owed to Defendant by Plaintiff), retroactive to the Petition Date, to be made by the Chapter 13 trustee to Defendant until a plan is confirmed in Plaintiff's Chapter 13 case. The adequate protection payments will be applied by

Defendant to the amount of Plaintiff's claim;

D.    providing that, should Plaintiff fail to maintain payments to the Chapter 13 trustee as required by his proposed plan such that the Chapter 13 trustee is unable to make an adequate protection payment to Defendant as it comes due, or should Plaintiff's insurance lapse or be cancelled, Defendant shall be entitled to notice such default to Plaintiff and, if the default is not cured with the Chapter 13 trustee's next disbursement as to adequate protection payments and cured within two (2) business days as to proof of insurance, Defendant shall be entitled to certify default and immediately obtain relief from the automatic stay to repossess and sell the Vehicle;

E.    for attorney fees and costs, if allowed by law; and

F.    for such other and further relief in the Defendant's favor as the Court deems necessary and proper.


Date: November 16, 2023                **DILWORTH PAXSON LLP**


By: /s/ <u>Anne M. Aaronson</u>
        Anne M. Aaronson (#82118) 1500 Market Street, Suite 3500E Philadelphia, PA 19102
        215-575-7110
        aaaronson@dilworthlaw.com

        *Counsel for Police and Fire Federal Credit Union*