## THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Terrence L. Howard, | : | Case No. 23-13369 (AMC) |
| | : | |
| Debtor. | : | |
| | : | |

| | | |
|---|---|---|
| Terrence L. Howard, | : | |
| Plaintiff, | : | Adv. Pro. No. 23-00077 (AMC) |
| v. | : | |
| Police & Fire Federal Credit Union, | : | |
| Defendant. | : | |

### STIPULATION RESOLVING COMPLAINT FOR TURNOVER AND COUNTERCLAIM OF POLICE AND FIRE FEDERAL CREDIT UNION FOR ADEQUATE PROTECTION

WHEREAS, on November 7, 2023, (the "Petition Date"), the Debtor filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code");

WHEREAS, prior to the Petition Date, Debtor was indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor. This financing is secured by a 2021 Honda Accord, VIN 1HGCV1F17MA005749 (the "Vehicle");

WHEREAS, prior to the Petition Date, PFFCU repossessed the Vehicle and, as of the Petition Date, the Debtor requested turnover of the Vehicle and PFFCU requested adequate protection of its interests in the Vehicle;

WHEREAS, the Debtor's obligations to PFFCU for the Vehicle are reflected in the Debtor's schedules filed November 15, 2023 and will be reflected in a proof of claim to be filed by PFFCU;

WHEREAS, on November 11, 2023, the Debtor proposed a Chapter 13 plan pursuant to which he will pay his obligations to PFFCU in full;

WHEREAS, subsequent to the Petition Date, Debtor has provided PFFCU with an insurance declaration confirming that the Vehicle is insured as a rideshare vehicle;

WHEREAS, to avoid the costs of litigation, the Parties have agreed to amicably resolve the Debtor's Turnover Complaint and PFFCU's Request for Adequate Protection on the terms set forth herein.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. Upon agreement to the terms herein by the parties hereto, PFFCU shall provide release instructions to the Debtor so that the Debtor may retrieve the Vehicle.

2. The Debtor agrees to allow the Chapter 13 trustee to make a monthly adequate protection payments of 1% of the amount owed to PFFCU, being $194.36, each month retroactive to the Petition Date, which disbursements shall be applied by PFFCU toward the satisfaction of its claim until confirmation of the Plan.

3. Following confirmation of the Plan, distributions shall be made to PFFCU as provided in the confirmed Plan. <u>The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by PFFCU through the plan.</u>

123964174-1

4.     The Debtor agrees that he will maintain adequate insurance covering the Vehicle as a rideshare vehicle at least meeting the minimum requirements of Pennsylvania law and naming PFFCU as the lienholder.

5.     The Debtor agrees to pay the prepetition repossession and storage fees totaling $912 as part of PFFCU's secured claim through his Chapter 13 plan.

6.     Should the Debtor fail to comply with maintaining insurance as required by this Stipulation, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have five (5) days from the receipt thereof to cure the default in full.  Should the Debtor fail to comply with maintaining his payments to the Chapter 13 trustee such that a preconfirmation disbursement cannot be made by the Chapter 13 trustee to PFFCU, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall cure his default with the Chapter 13 trustee such that the missed disbursement is able to be made by the Chapter 13 trustee at the first disbursement scheduled following the notice of default.  If Debtor's default is not cured within the default notice period set forth herein, PFFCU may, without further notice, file a Certification of Default with the Court.  he Debtor shall not oppose such Certification other than on the basis that the default has been cured prior to the Certification having been filed. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

7.     By entering this stipulation, PFFCU does not admit or agree that the payments provided herein are sufficient to adequately protect its interests in the Vehicle.  If the Debtor is unable to promptly confirm a Chapter 13 plan or cause exists at any time during this Chapter 13 case, PFFCU reserves the right to seek additional adequate protection of its interests.

123964174-1

8.    Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by its or her undersigned counsel.

9.    If the instant bankruptcy case is terminated by either dismissal or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties.

10.    This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

11.    The signature pages of this Stipulation may be executed in counterparts, and such signature pages, when attached, shall constitute the entire document.

CONSENTED TO BY:    DILWORTH PAXSON LLP

DATED: November 21, 2023    /s/ Anne M. Aaronson
Anne M. Aaronson, Esquire
*Attorney for PFFCU*

CONSENTED TO BY:    CIBIK LAW P.C.

DATED: November 16, 2023    /s/Michael A. Cibik
Michael A. Cibik
*Attorney for Debtor*

CONSENTED TO BY:          Scott F. Waterman

DATED: November 20, 2023          */s/ Scott F. Waterman*
                                                          Scott F. Waterman
                                                          *Chapter 13 Trustee*

SO ORDERED:

ENTERED ON: November __, 2023

                                                          The Honorable Ashely M. Chan
                                                          United States Bankruptcy Judge

123964174-1